# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# DELTA DIVISION

**TIM POYNTER,**
**REG #21853-032**                                                           **PLAINTIFF**

V.                        CASE NO. 2:20-CV-197-BSM-BD

**M. GREER,** *et al.*                                                      **DEFENDANTS**

## RECOMMENDED DISPOSITION

**I.     Procedure for Filing Objections:**

This Recommendation for dismissal has been sent to Judge Brian S. Miller. Mr. Poynter may file objections if he disagrees with the findings or conclusions set out in the Recommendation. Objections should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be filed within 14 days. If no objections are filed, Judge Miller can adopt this Recommendation without independently reviewing the record. If he does not file objections, Mr. Poynter may waive the right to appeal questions of fact.

**II.    Discussion:**

Tim Poynter, a federal inmate at the Federal Correctional Institution in Forrest City, Arkansas (FCI-FC), filed this civil rights lawsuit without the help of a lawyer. (Doc. No. 2) He is proceeding *in forma pauperis* (IFP). In reviewing Mr. Poynter's complaint, the Court has read his allegations liberally, assuming all allegations to be true. Even so, he has not stated a federal claim for relief.

In his complaint, Mr. Poynter alleges that Defendants wrongfully denied him access to the Bureau of Prison's email system, TRULINCS. Mr. Poynter states that he is restricted from using email correspondence due to his conviction as a sex offender.

Mr. Poynter's allegations fail to state a federal claim for relief under the First Amendment because "prisoners have no First Amendment constitutional right to access email." *Grayson v. Fed. Bureau of Prisons*, No. 5:11-CV-2, 2012 WL 380426, at *3 (N.D.W. Va. Feb. 6, 2012) (internal citation omitted). "While prisoners have a First Amendment right to communicate with the outside world, they do not have a constitutional right to a particular form of communication, such as access to email." *Chatmon v. Clarke*, No. 7:16-CV-509, 2016 WL 7480426, at *2 (W.D. Va. Dec. 29, 2016) (internal citations omitted).[1]

Furthermore, courts that have considered inmates' claims that their constitutional rights were violated by the denial of TRULINCS access, specifically, have summarily

---

[1] See also, *Bristow v. Amber*, No. 2:12-CV-412, 2012 WL 1963577, at *2-3 (S.D. Ohio May 31, 2012) (prisoners do not have a First Amendment right to access email); *Rueb v. Zavaras*, No. 09-CV-02817-REB-MEH, 2011 WL 839320, at *6 (D. Colo. Mar. 7, 2011) ("inmates have no established First Amendment right to access email"); *Holloway v. Magness*, No. 5:07-CV-88-JLH, 2011 WL 204891, at *7 (E.D. Ark. Jan. 21, 2011) ("assuming that the free speech clause of the First Amendment requires prisons to permit communication between prisoners and persons outside the prison, it does not follow that the First Amendment requires that the government provide telephones, videoconferencing, email, or any of the other marvelous forms of technology that allow instantaneous communication across geographical distances; the First Amendment is a limit on the exercise of governmental power, not a source of positive obligation on the part of the government").

rejected those claims. *Sebolt v. LaRiva*, No. 2:15-CV-353-WTL-MPB, 2017 WL 2271441, at *3 (S.D. Ind. May 23, 2017).[2]

### III. Conclusion:

The Court recommends that Mr. Poynter's claims be DISMISSED, without prejudice. The Court further recommends that this dismissal constitute a "strike" for purposes of 28 U.S.C. § 1915(g) and that the Court certify that an *in forma pauperis* appeal of the dismissal would be frivolous and would not be taken in good faith.

DATED this 19th day of October, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

---

[2] See also, *Stratton v. Speanek*, No. 14-CV-120-HRW, 2014 WL 6705394, at *3 (E.D. Ky. Nov. 26, 2014) (citing cases and finding that use of the TRULINCS system is an institutional privilege and not a constitutionally protected right); *Edington v. Warden of FCI Elkton*, No. 4:14-CV-2397, 2015 WL 1843240, at *4 (N.D. Ohio Apr. 22, 2015) (dismissing *Bivens* claim based on denial of access to TRULINCS at screening).