IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

**TIM POYNTER**                                                                                                  **PLAINTIFF**
**REG #21853-032**

v.                                        CASE NO. 2:20-CV-00197-BSM

M. Greer, *et al.*                                                                                              **DEFENDANTS**

## ORDER

After careful review of the record, United States Magistrate Judge Beth Deere's recommended disposition [Doc. No. 4] is adopted.  Tim Poynter's claims are dismissed without prejudice because prisoners have no constitutional right to access email.  *See, e.g. Holloway v. Magness*, 2011 WL 204891 at *7 (E.D. Ark. Jan. 21, 2011).

His amended complaint, which was filed after the entry of Judge Deere's recommended disposition, offers more details about the facts and procedural history underlying his claims, but it still fails to state a plausible claim for relief.  Poynter asserts two additional equal protection violations against the defendants.  First, he states on information and belief that the same prison administrators who are denying email privileges to inmates in Helena, where he is imprisoned, are granting email privileges to inmates in Marianna and Wynne, despite the inmates having the same "types of cases." Am. Compl. ¶ 23, Doc. No. 5.  Second, based on knowledge and belief, he contends that prison administrators are not denying black sex offenders access to email, but are denying email privileges to white sex offenders.  *Id.* ¶ 31.  Poynter does not, however, provide any factual support to support these conclusory allegations.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (threadbare recitals

of the elements of a cause of action, supported by mere conclusory statements, are insufficient to state a claim upon which relief may be granted). Moreover, as a sex offender, Poynter must show that he was intentionally treated differently from similarly situated inmates and there was no rational basis for prison administrators to treat his request for email privileges differently than other inmates. *Larson v. Mejia*, 2015 WL 9243812 at *6 (N.D. Tex. Nov. 9, 2015). His amended complaint does not meet that standard.

The dismissal of Poynter's claims constitutes a strike for purposes of 28 U.S.C. section 1915(g), and pursuant to 28 U.S.C. section 1915(a)(3), it is certified that an *in forma pauperis* appeal from this order would not be taken in good faith.

IT IS SO ORDERED, this 10th day of November, 2020.

_____
UNITED STATES DISTRICT JUDGE